CARROLL, CHAS., Chief Judge.
This case is before this court on cer-tiorari to the circuit court which affirmed an order of the Florida Real Estate Commission suspending the registration of William J. Potter as a real estate broker.
The commission charged the broker with violation of Section 475.25(1) (a), Fla. Stat., F.S.A., alleging as follows:
“1. One W. P. Nordin, owned some real property with a house thereon located at 6270 S.W. 123rd Terrace, Miami, Florida, and on August 29, 1955, sold the subject property to one Mr. and Mrs. Olive.
“2. Commencing on or about September 1, 1955, the defendant, by and through one Fondren, a registered real estate salesman in the employ of the defendant, demanded from the said Nordin a real estate commission as a result of the sale of the subject property aforesaid, when in truth and fact, neither the defendant nor the said Fondren had a listing contract with the said Nordin to sell the subject property, nor had either the defendant or the said Fondren introduced, or in any way or manner made the said Olives known to the said Nor-din. On or about March 28, 1956, the defendant filed suit against the said Nordin and his wife in the Civil Court of Record in Dade County, Florida, Case Number 68626, seeking judgment against the said Nordin for a real estate commission in the amount of $1,-775.00 allegedly due and owing the defendant as a consequence of the aforesaid sale of the subject property, when in truth and fact the defendant knew that no commission was due and owing him.
“3. The aforesaid actions of the defendant constitute misrepresentation, dishonest dealing, trick, scheme, or device in a business transaction, all in violation of Chapter 475, Florida Statutes.”
The broker’s answer, in addition to denials, averred that his salesman, one Courtney M. Fondren, had obtained a listing from the owner, and had exhibited the premises to the party who later, dealing directly with the owner, purchased the same; and averred that the owner and the purchaser had wrongfully conspired to close the purchase in a manner to deprive the broker of a commission. After a hearing, the commission found that the evidence preponderated against the broker, and ordered a 90 day suspension.
Section 475.31(5), Fla.Stat., F.S.A., provides “The findings of fact of the commission shall have the same force and effect as the findings of a general master in chancery.” See Curry v. Shields, Fla.1952, 61 So.2d 326, 327.
Sharp conflicts appeared in the evidence, from differences in the testimony of the owner and the purchaser on the one hand, and the salesman Fondren on the other hand, on the question of whether the salesman had obtained a listing and as to the dealings respecting the property which the salesman had together with the purchaser. Resolving those conflicts in the evidence in favor of the owner and against the salesman’s contentions would not necessarily prove or imply guilt of the broker, who was the salesman’s employer, for claiming and seeking to collect the commission.
It was not alleged, and it was not proved that if, in fact, there was no listing, the broker knew of the absence thereof. Nor was it established that the broker knew, *129 if such was the fact, that the salesman did not “show” the property to the purchaser so as to justify a claim for commission as the procuring broker.
On the contrary, the evidence as to what passed between the broker and his salesman would indicate that the broker was informed by his salesman that the salesman had obtained a listing and had taken the purchaser to the property and discussed the terms, before the purchaser went directly to the owner. Whether the broker had a commission claim which was valid and enforceable under the facts and the law, was not the question.
The statute upon which the charges against the broker were laid, reads as follows :
“475.25 [Fla.Stat., F.S.A.] Grounds for revocation or suspension
“(1) That registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the 'final order of suspension, or both, upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public.”
On examining the evidence produced at the hearing before the commission, we are impelled to the conclusion that the commission’s findings in this instance were “contrary to the manifest preponderance of the evidence”, and that the commission was in error in finding the broker guilty of violating that statute.
Certiorari is granted. The order of the circuit court affirming the said order of the Florida Real Estate Commission is quashed, and the cause remanded for the entry of an order by the court not inconsistent herewith.
HORTON and PEARSON, JJ., concur.