CARROLL, CHAS., Judge.
The Florida Real Estate Commission found the petitioners guilty of certain fraud and made an order suspending their brokerage registrations for a six month period, proceeding under chapter 475, Fla. Stat., F.S.A.
On review by the circuit court (Codorno v. Shaw, Fla.1958, 99 So.2d 849), that court reversed the commission’s order, concluding that the charges had not been proved by a preponderance of the evidence. The commission appealed to this court. See Bluesten v. Florida Real Estate Commission, Fla.1960, 125 So.2d 567.[1]
In contending for reversal the appellant argues that the circuit court should have observed the rule that decisions of administrative boards made in exercise of quasi-judicial powers are entitled to be upheld where based on competent substantial evidence. See Schott v. Brooks, Fla.1952, 56 So.2d 456; De Groot v. Sheffield, Fla. 1957, 95 So.2d 912; State Beverage Department v. Ernal, Inc., Fla.App.1959, 115 So.2d 566. The cases embracing that rule are those in which the administrative body which made the findings and decision also held the trial and had the opportunity to hear the witnesses, observe their manner and demeanor, and thus judge their credibility and the weight of the evidence. Here the evidence was presented to an examiner, who then reported it to the commission without findings. The commission’s decision, was based on its reading of the cold record. Therefore, the circuit court was as well able to evaluate the evidence as was the commission. Commenting on that situation, in Graham v. Florida Real Estate Commission, Fla.App. 1960, 119 So.2d 88, 93, the second district court of appeal said:
“The testimony was not taken before the Commission but by an examiner who was not authorized to and did not make findings of fact; the findings of fact by the Commission were based on the transcript of the testimony supplied by the examiner. Hence the rule that findings of fact, made by one who had *744 the opportunity to judge the credibility of the witnesses upon their oral examination may not be set aside unless ‘clearly erroneous’ does not have full application here. This court is in just as an advantageous position to make its findings as was the Commission. * *”
The learned circuit judge, on his review of the commission’s order, examined and considered the evidence and determined that the decision of the commission was contrary to the preponderance and probative force of the evidence. In so doing, the circuit judge was acting within his province. No error having been made to appear on this appeal, the order appealed from should be and hereby is
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. The commission’s order and the proceedings to review it in the circuit. court occurred prior to the enactment of chapter 59-197, Laws of Florida, 1959, which amended § 475.35, Fla.Stat., F.S.A., to provide for review of the commission’s orders by certiorari by the district courts of appeal.