144 So.2d 862 (1962)
Irvin R. SCHINDLER and Fair Realty, Inc., Petitioners,
v.
FLORIDA REAL ESTATE COMMISSION and Edward A. Curry, Respondents.
No. 62-342.
District Court of Appeal of Florida. Third District.
October 2, 1962.
*863 Beigel, Teitelman & Albert, Miami, for petitioners.
Benjamin Shuman and Frank A. Wilkinson, Winter Park, for respondents.
Before HORTON, CARROLL and HENDRY, JJ.
CARROLL, Judge.
By certiorari we review an order of the Florida Real Estate Commission,[1] which held petitioners guilty of certain violations of the Real Estate License Law, Ch. 475, Fla. Stat., F.S.A. One of the charges made by the Commission against petitioners was that they had employed certain persons (Graham and Nobbs) as real estate salesmen, who were not registered under chapter 475. An examiner heard and reported the evidence as provided for by the statute (§ 475.27). Based on such evidence the Commission found that Graham and Nobbs had been employed by petitioners as real estate salesmen as charged. That finding of the Commission is clearly wrong and against the weight of the evidence. The record does not justify a finding or conclusion that Graham and Nobbs were so employed.[2]
The remaining charges against petitioners grew out of their alleged participation with Graham and Nobbs in claims for commissions. The two transactions on which those charges were based, related to the sale of businesses, and the leases transferred in connection therewith were incidental. Those transactions, therefore, were not subject to control under the Florida Real Estate License Law. Hughes v. Chapman, 5 Cir.1959, 272 F.2d 193. Moreover, even if chapter 475 were applicable, it was not established on the record that petitioners knew the commission claims of Graham and Nobbs were unjust. See Potter v. Curry, Fla.App. 1958, 104 So.2d 127.
Accordingly, for the reasons stated, the order suspending the licenses of the petitioners is quashed.
It is so ordered.
NOTES
[1] Review by certiorari is provided for by § 475.35, Fla. Stat., F.S.A. See Bluesten v. Florida Real Estate Commission, Fla. 1960, 125 So.2d 567.
[2] In Graham v. Florida Real Estate Commission, Fla.App. 1960, 119 So.2d 88, as to the effect of the Commission findings based on a hearing before an examiner, it was said:

"The testimony was not taken before the Commission but by an examiner who was not authorized to and did not make findings of fact; the findings of fact by the Commission were based on the transcript of the testimony supplied by the examiner. Hence the rule that findings of fact, made by one who had the opportunity to judge the credibility of the witnesses upon their oral examination may not be set aside unless `clearly erroneous' does not have full application here. This court is in just as an advantageous position to make its findings as was the Commission. * * *" See also Conderman v. Potter, Fla.App. 1961, 126 So.2d 743.