201 So.2d 594 (1967)
Helene YOUNG, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 66-797.
District Court of Appeal of Florida. Third District.
July 25, 1967.
Rehearing Denied September 5, 1967.
*595 Kelner & Lewis, Miami, for appellant.
Fowler, White, Collins, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
Medical malpractice case in which the plaintiff, Helene Young, sued the County, charging it with medical malpractice through its agent or employees by performing surgery upon her without first obtaining her informed consent. At the conclusion of plaintiff's case, the trial court granted the County's motion for directed verdict and entered a final judgment for the County, from which the plaintiff has appealed.
On appeal, plaintiff claims reversible error was committed by the directing of a verdict for the defendant at the conclusion of her case; by the trial court refusing to permit her to call a doctor as a witness, at trial or for the purposes of making a proffer, or for pre-trial deposition, and by the trial court refusing to permit plaintiff to call the operating surgeon as an adverse witness.
The trial court noted that it was directing a verdict for the defendant because there was no testimony of a standard of care in the community or of a breach of the standard of care and that the testimony of Dr. Albanes, the operating surgeon, was entitled to equal weight or to the same credibility as that of the plaintiff, Helene Young.
The record reflects that the plaintiff had testified and that Dr. Albanes had testified when the plaintiff rested her case in chief. The testimony of Dr. Albanes, in our opinion, established a prima facie case of the standard of care in the community for operations of this type. The testimony of the plaintiff was that this standard was breached by the doctor, inasmuch as she testified that she was not informed and did not consent to the risk involved therein. Dr. Albanes testified that the plaintiff was informed of the risk involved and that she consented thereto.
This question is controlled by the rule set forth in Guerriero v. Adams, Fla. App. 1966, 190 So.2d 432, wherein it was held that a directed verdict should not be granted by the trial court unless it is clear that there is no evidence whatever adduced that could in law support a verdict for the plaintiff, and that an appellate *596 court in considering the matter should consider the testimony in the light most favorable to the plaintiff, disregarding conflicts in the evidence and indulging in plaintiff's favor every reasonable intendment deducible from the evidence.
Error was also committed in not permitting the plaintiff to call Dr. Albanes as an adverse witness. The plaintiff, during the trial, attempted to do so, but the trial court refused to permit the doctor to testify as an adverse witness. An adverse party is not necessarily a party to the suit who is aligned in the pleadings in opposition to the party calling him. Rubin v. Kapell, Fla.App. 1958, 105 So.2d 28; former Rule 1.37(a), (now Rule 1.450(a)), Florida Rules of Civil Procedure, 30 F.S.A.
In P. & N. Investment Corporation v. Rea, Fla.App. 1963, 153 So.2d 865, the court observed that where an obviously adverse witness is called and interrogated, the plaintiff is not bound by unfavorable testimony of such a witness, unless the evidence otherwise fails to demonstrate a prima facie case. The evidence herein was sufficient in our opinion to demonstrate a prima facie case under the rationale of the above cited cases, and a directed verdict should not have been granted by the trial court at the conclusion of plaintiff's case.
As was observed by Justice Paul D. Barns in Kaufman v. Sweet et al. Corporation, Fla.App. 1962, 144 So.2d 515, 519, under the new rules, liberality is the canon of construction; that decisions are to be on the merits to promote justice and not on procedural niceties or by collateral methods.
We next consider the contention of plaintiff that reversible error was committed by the trial judge in quashing the taking of the deposition of a second doctor who had not treated the plaintiff, and in refusing to permit plaintiff to call him as an expert witness at trial or for a proffer of his testimony. This non-treating doctor had filed an affidavit that he had absolutely no knowledge of the facts; had not agreed to render expert testimony at deposition or at trial for either party, and that he had never examined or treated the plaintiff at any time. We observe that generally speaking, a doctor is not immune from the taking of his deposition or from subpoena to testify at time of trial, but on the state of the record before us we do not find a clear abuse of discretion by the trial judge in the entry of his order quashing the witness subpoena directed to the non-treating doctor, whom plaintiff sought to subpoena as an involuntary expert. Annotation: Compelling Expert to Testify, 77 A.L.R.2d 1182.
The County has argued that the plaintiff's failure to prove that a notice was given in compliance with § 2.2 of the Dade County Code should preclude relief.
The plaintiff delivered notice of claim to the County, setting the date of the event causing injury at being on or about April 10, 1964. It appears, furthermore, that an injury producing event occurred on or about April 13, 1964. The County filed a sworn pleading admitting receipt of the notice of claim on June 9, 1964. This was sufficient to show compliance with the Code. See former Rule 1.30 (now Rule 1.370), Florida Rules of Civil Procedure; Butts v. County of Dade, Fla.App. 1965, 178 So.2d 592.
For the reasons stated the final judgment herein appealed is reversed and remanded with directions to vacate and discharge the directed verdict and final judgment, and for further action in accordance herewith.
Reversed and remanded.