277 So.2d 265 (1973)
Julio RIVERA, Petitioner,
v.
DEAUVILLE HOTEL, EMPLOYERS SERVICE CORPORATION and the Florida Industrial Relations Commission, Respondents.
No. 43065.
Supreme Court of Florida.
May 2, 1973.
Richard A. Sicking, Kaplan, Dorsey, Sicking, Hessen & Rodenberg, P.A., Miami, for petitioner.
John G. Tomlinson, Jr., Williams & Tomlinson, Coral Gables, and Kenneth H. Hart, Jr., Tallahassee, Florida Industrial Relations Commission, for respondents.
CARLTON, Chief Justice.
On petition for writ of certiorari, we review an order of the Industrial Relations Commission which reversed a Judge of Industrial Claims award of an attorney's fee to petitioner-claimant Rivera. We affirm the Commission order.
The basis for the fee award was the recovery of certain transportation expenses totalling $90. When petitioner's compensation claim was heard, the Compensation Order of the Judge of Industrial Claims denied an award for these expenses and the Commission affirmed the order. While the case was then pending before this Court on petition for writ of certiorari, the employer paid those expenses pursuant to an agreement with the claimant. The claimant, in accordance with the agreement, then abandoned any claim to these expenses and withdrew that issue, as moot, from this Court's consideration. After considering the other issues raised in claimant's original petition, we denied issuance of a writ of certiorari and denied a petition for an attorney's fee. No petition for rehearing was filed.
Claimant then petitioned the Judge of Industrial Claims for a modification of the Compensation Order, requesting additional attorney's fee for services rendered in obtaining *266 the additional $90 transportation expenses. The Judge held that the attorney was entitled to a fee for obtaining this benefit; he found that the services necessary to obtain the benefit were the handling of the appeal before the Commission and the certiorari proceeding before this Court; and he awarded a fee of $575, being the "usual fee" awarded for those services. The Commission reversed this award on the ground that a Judge of Industrial Claims has no jurisdiction to award fees for representation before the Commission or before this Court.
We agree with the Commission that there is no provision of our Workmen's Compensation Law, F.S. Chapter 440, F.S.A., which authorizes a Judge of Industrial Claims to award attorney fees for activities of counsel in representing a claimant before an appellate tribunal. An award of an attorney fee to any litigant is in derogation of the common law, and it is allowed only when provided for by contract or statute. Stone v. Jeffres, 208 So.2d 827 (Fla. 1968). F.S. Section 440.34(1), F.S.A., does permit an award of attorney fees in connection with proceedings for review of any claim, award, or compensation order, but it allows only the reviewing court to make the award, in its discretion.
If petitioner felt that this Court was not aware of the benefits obtained for him by agreement while we had jurisdiction of his claim, he could have brought the fact more specifically to our attention a number of ways. He could also have petitioned for a rehearing after we denied his petition for writ of certiorari and petition for an attorney's fee.
We find no error in the Commission's reversal of the award made by the Judge of Industrial Claims in excess of his jurisdiction.
Affirmed.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.