280 So.2d 1 (1973)
Norman WILLNER et al., Appellants,
v.
Ben D. WILDER, D/B/a Southland Associates, Appellee.
Nos. 72-513, 72-514.
District Court of Appeal of Florida, Third District.
June 19, 1973.
Rehearing Denied July 23, 1973.
Pallot, Stern, Proby & Adkins, Henry W. Clar, Miami, for appellants.
Ainslee R. Ferdie, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
Norman Willner (by No. 72-514) and Jay Glynn and Jay Glynn Enterprises, Inc. (by No. 72-513) appealed from a judgment entered against them, based on a jury verdict in an action by the appellee for recovery of a real estate broker's commission *2 upon a lease of certain improved real estate. The appeals were consolidated here.
The appellant Jay Glynn Enterprises, Inc. was the owner of property in Miami known as the Prila property, consisting of certain real estate improved by a building suitable for operation thereon of a night club, restaurant and cocktail lounge. Prior to the time of the occurrences involved in this case the premises had been so operated by a former lessee. After that lease operation had ended and the lessee had vacated the premises, the owner advertised the property in the press as a business for sale. An attorney for the owner, being acquainted with the plaintiff broker, informed the latter thereof. A registered real estate salesman named Sirk, employed by the broker, testified that on January 27, 1970, following such advice to the broker, he telephoned Glynn, who was the president of the owner corporation, and was advised by Glynn that the business property, with benefit of a liquor license, was for sale for $550,000, or would be leased for $4,000 a month with a $40,000 security deposit, and that a commission would be paid. Based on that oral listing, a non-exclusive listing card was prepared and filed in the broker's office.
Russell Engren who was not registered as a real estate salesman under the provisions of Ch. 475 Fla. Stat., F.S.A., was employed by the broker as a business opportunities salesman (for the performance of services in relation to which he was not required to be registered under Ch. 475). By deposition Engren testified that following receipt by the broker's office of the oral listing he contacted Willner, with whom he had done business before; that he informed Willner of the availability of the Prila property, and discussed the matter with him at length; that he continued negotiations with Willner with respect thereto for some time, and that suddenly the negotiations were broken off by Willner; and that later Willner informed him that he (Willner) had obtained a lease on the property by direct negotiation, and informed Engren that he had been in contact with the owner with respect to the property, in response to the advertisement, prior to the time Engren had taken the matter up with him. Willner testified Engren telephoned him about the Prila property on February 7, 1970, but that he had met with Glynn regarding the property previously on February 1, 1970, in response to the owner's advertisement.
The lease was made on February 20, 1970, between the owner corporation as lessor to Wilkobros Enterprises, Inc., a corporation of which Willner was an officer, as lessee. The term of the lease was five years, with options for three five-year renewals and for purchase. The lease was of the real estate and personal property thereon, with transfer of the liquor license for the term of the lease. The lease was not accompanied by a sale or transfer of a business. According to Willner the lease was acquired in order to obtain a location for operation of a certain franchise business right which he had obtained.
The plaintiff broker filed action against the lessor corporation and its president Jay Glynn, and against Norman Willner an officer of the corporation to which the lease was made. The complaint alleged an oral listing with provision for a 10% commission; alleged performance by producing a purchaser ready, willing and able to buy or lease on the terms listed or on terms satisfactory to the seller. As factual support for that allegation of performance the complaint alleged that on or about February 8, 1970, the defendant Willner "was introduced to the business known as Prila's Restaurant by the employees of the plaintiff." By his complaint the plaintiff broker sought recovery (ex contractu) of the commission from the defendant owner corporation which was alleged to be obligated for its payment; and sought recovery thereof against the individual defendants (in tort) upon alleging interference by them with plaintiff's commission contract relationship with the owner.
*3 The defendants answered denying the allegations of the complaint. The defendant Willner averred additionally that he had been in touch with the owner with respect to the premises in response to the owner's advertisement, prior to being contacted thereon by anyone from the broker's office.
The appellants contend the trial court committed reversible error by denying their motions for directed verdict on the ground that when the evidence showed that the services relied on to support the broker's allegation of performance of the listing contract were those and only those that were performed by an unregistered salesman in the employ of the broker, recovery of the claimed commission was precluded by § 475.41 Fla. Stat., F.S.A. We hold that contention of the appellants has merit. We have been shown no decision passing on that precise point, but see Boca Raton Housing Ass'n v. Marqusee Associates of Fla., Inc., Fla.App. 1965, 177 So.2d 370; Wegmann v. Mannino, 5 Cir.1958, 253 F.2d 627; 5 Fla.Jur., Brokers § 33. To hold otherwise would permit a registered broker to use the services of unregistered salesmen to handle sales and leases of real estate, and to recover commissions or compensation therefor, contrary to the letter and spirit of Chapter 475, Fla. Stat., F.S.A. and to the express prohibition of § 475.41 thereof.
A pivotal question in this case is whether the transaction was a lease of real estate, or was a sale of a business or liquor license with relation to which the real estate lease was only incidental and deserving of little or no part of the consideration which was paid or agreed to be paid.
In view of certain provisions of Chapter 475, Fla. Stat., F.S.A., including § 475.41,[1] if the transaction was a lease of real estate or essentially a lease of real estate, the broker's commission contract was invalid and unenforceable because the services relied on as the basis for the claim for the commission consisted of those performed by the broker's unregistered salesman. Florida Real Estate Commission v. McGregor, Fla. 1972, 268 So.2d 529, 531. Cf. Pearce v. Previews, Inc., 5 Cir.1953, 201 F.2d 385, cert. den. 345 U.S. 993, 73 S.Ct. 1132, 97 L.Ed. 1400.
If, however, as contended for by the appellee broker, the transaction was a sale of a business, and the lease entered into on the real estate being only incidental thereto with little or no part of the consideration being paid for the lease, then the controls and restrictions of Chapter 475 Fla. Stat., F.S.A. would not be applicable, and would not bar recovery of the commission notwithstanding the services relied on as the basis of the right to the commission were performed by the broker's unregistered salesman. See Schindler v. Florida Real Estate Commission, Fla.App. 1962, 144 So.2d 862; Hughes v. Chapman, 5 Cir.1959, 272 F.2d 193.
In our view the facts of this case were such as to place this transaction in the former category; that is, as being essentially and principally a lease of real estate.
*4 When the lease was made there was no business in operation on the premises. The nature or character of the property was such that it was suitable for use as a night club, restaurant and cocktail lounge, which were the uses the lease specified were to be made thereof. Incident to the lease was a limited transfer of a liquor license (for the term of the lease). On the facts of this case it would not be reasonable to regard this transaction as one for the sale or transfer of a liquor license, with the making of the new long-term lease on the property only incidental thereto.
The availability of the liquor license was important, and it was essential for the type of operation intended for the premises. However, in the listing of the property it was valued at $550,000 for sale, or for lease at a rental of $48,000 per year with a $40,000 security deposit. In the lease as actually made, the rental was $42,000 per year, with provision for rent increases for the authorized extension periods. If the premises had been sold at the listed price of $550,000, a transfer of the liquor license therewith would have represented an item of value in the sale, but its value would appear relatively minor compared to the total amount paid for the property. Likewise, in the case of the multiyear lease, the annual rental of $42,000 could not reasonably be regarded as payment for or rental of the liquor license, with no part of the consideration being for rental of the premises, as would be required in order for the transaction to be regarded as one which did not involve a lease of real estate or transfer of interest in real estate, and therefore not controlled or affected by Chapter 475.
For the reasons stated we hold that the commission contract declared on by the broker was invalid and unenforceable, and that the motions of the defendants for a directed verdict should have been granted.
The judgment is reversed, and the cause is remanded with direction to enter judgment for the defendants.
NOTES
[1] Section 475.41 Fla. Stat., F.S.A., provides: "No contract for a commission or compensation for any act or service enumerated in subsection (2) of § 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed."

A salesman who takes part in the procuring of a lessee of real estate, or of an interest therein is regarded as a "real estate salesman" under sub-section (2) of Section 475.01 Fla. Stat., F.S.A. Section 475.13 requires that a person who is a real estate salesman under the terms of Chapter 475 is required to be registered by the commission, and to obtain a registration certificate for each license period.