LETTS, Chief Judge,
dissenting in part and concurring in part.
I concur with the majority that the trial judge should have recused himself, but I would not return the matter for a new trial. I am of the opinion that a directed verdict should have been entered because as a matter of law the broker was not entitled to a commission.
The total facts are amorphous and complex, but only a few need be recited to support my conclusion.
In essence, the seller advised the broker that the land was for sale and agreed to pay a commission if the broker procured a buyer. Thereafter the broker contacted a prospective purchaser who did not himself purchase, but instead was instrumental several months later in securing a third party to buy the land in question. That this original non-purchasing prospect was assisted in these instrumental efforts by the broker, we have no doubt, for the latter supplied him with descriptions, appraisals, advice and even suggested the name of the eventual buyer.
Pinning down a legal definition of procuring cause is elusive. See First Realty Corp. v. Standard Steel Treating Co., 268 So.2d 410 (Fla. 4th DCA 1972). The Florida definition appears to require the broker to introduce buyer and seller and be the one whose efforts consummate the sale by way of continuous negotiation and/or involvement. Leon Realty, Inc. v. Hough, 310 So.2d 767 (Fla. 1st DCA 1975) and National Airlines Inc. v. Oscar E. Dooly Assoc., Inc., 160 So.2d 53 (Fla. 3d DCA 1964). All of these requirements and the extent necessary to satisfy them would appear to be questions of fact not law except in unusual circumstances.
As a consequence, in the case now before us, had this original non-purchasing prospect been a licensed broker or salesman, I might not have quarrelled with the finding of fact that the broker’s conduct in this case was sufficient to satisfy the test for procuring cause. However the non-purchasing prospect was not licensed in any way to sell real estate under Florida Law and there is no question but that it was this unlicensed non-purchasing prospect, not the broker, who carried out virtually all of the negotiating over several months between seller and purchaser. The broker never once even talked to or wrote to the purchaser. All this being so, while the unlicensed prospect may have been the agent of the broker and *1032 may have been the procuring cause of the sale, he (the agent) had no right whatever to any commissions under Florida Law. It goes without saying that his principal, if such the broker was, could claim no greater right to a commission than his agent who carried out all the negotiations. In this respect I note Section 475.41 of the Florida Statutes (1975) which states:
Contracts of unregistered person for commissions invalid. — No contract for a commission or compensation for any act or service enumerated in subsection (2) of s. 475.01 shall be valid unless the broker or salesman shall have complied with this chapter in regard to registration and renewal of the certificate at the time the act or service was performed.
Judge Anstead’s footnote leaves me unmoved. It matters not who the unlicensed agent represented or that the purchaser gratuitously paid him a “fee.” I still cannot see how the broker can claim a commission from the seller through the unlicensed agent’s efforts. See Willner v. Wilder, 280 So.2d 1 (Fla. 3d DCA 1973).
I would direct a verdict as a matter of law.