397 So.2d 337 (1981)
Robert L. LUTSCH, Appellant/Cross-Appellee,
v.
A.Q. SMITH et al., Appellees/Cross-Appellants.
No. UU-411.
District Court of Appeal of Florida, First District.
April 7, 1981.
Rehearing Denied May 11, 1981.
*338 Robert P. Cates, of Goldin & Cates, Gainesville, for appellant/cross-appellee.
Stephen A. Scott and John R. Ficarro, Gainesville, for appellees/cross-appellants.
*339 ERVIN, Judge.
Lutsch appeals a judgment awarding appellees damages caused by his failure to pay appellees, unregistered real estate brokers, a commission on certain business property sold by the Lutschs. We have examined the record and affirm as to all points raised in his appeal.
We also affirm all points raised in appellees' cross-appeal, with the exception of that point relating to the issue as to whether the lower court erred in failing to render judgment against both Mr. and Mrs. Lutsch, the joint owners and partners of the business property conveyed.
In Smith's complaint against the defendants-sellers, Robert Lutsch and his wife Barbara Lutsch, it was alleged that the defendants breached the sales agreement (signed by Smith and by Robert Lutsch only) due to their failure to pay a commission on the property sold by them to the buyers, Mr. and Mrs. Fansler, who had been procured to buy the property through the services of Smith. The plaintiffs sought recovery under various theories, including breach of contract, unjust enrichment and quantum meruit. The court found for plaintiffs as to those three theories and imposed judgment in the amount of 12% of the value of the property[1] conveyed, which amount, while not characterized by the court as a commission, nevertheless corresponded precisely with the percentage which the parties agreed would be assessed against the sale of the property.
Among other things, the appellant argues that since the amount awarded to appellees, unregistered real estate brokers, was a commission, the agreement is unenforceable because of the prohibitory language in Section 475.41, Florida Statutes (1977), interdicting the payment of a real estate commission to one not so registered. Appellees respond that the statute has no application if the parties' primary purpose was to convey an ongoing business  not real estate. We agree with appellees' position. Whether a sale should be considered one of business or of real estate was recognized in Willner v. Wilder, 280 So.2d 1 (Fla. 3d DCA 1973), as one turning upon the parties' intent. If the transaction is considered one primarily involving the conveyance of a business, not of real estate, the statute's provisions are said to be inapplicable. Id. In Willner, the statute was applied because no sale or transfer of the business occurred, but rather a lease of property which was considered suitable as either a nightclub or a restaurant.
The facts before us are clearly distinguishable. Here, no lease of the property was required in the conveyances. Mr. Lutsch's testimony, moreover, shows that the purpose of the sale was to transfer an ongoing, successful business operation. Numerous negotiations were held between Lutsch and Fanzler concerning the restaurant's operations, including the examination of prior income tax and sales tax returns, as well as the names of the suppliers whom Lutsch had relied upon in his restaurant business. Finally, and perhaps most importantly, the record reveals the Lutschs' nocompetition contract, agreeing not to operate a restaurant within a 70-mile radius of Cedar Key for a period of five years following the sale. The court clearly had before it sufficient evidence supporting its finding that the parties' primary purpose was to convey a business operation. Compare also Schindler v. Florida Real Estate Commission, 144 So.2d 862 (Fla. 3d DCA 1962) and Chapman v. Hughes, 272 F.2d 193 (5th Cir.1959).
We agree with appellees' cross-appeal that the lower court should have entered judgment against Mrs. Lutsch. The lower court's judgment found that since Mrs. Lutsch did not sign the sales agreement, she was not obligated on it and that there were "no allegations of agency, ratification or other allegations which may have sought to establish a contractual relationship between Barbara J. Lutsch either expressed or implied." The judgment did not address, however, *340 plaintiffs' argument that Mr. and Mrs. Lutsch were doing business as a partnership. If such business relationship in fact existed and were proven, it would be immaterial whether Mrs. Lutsch did not sign the sales agreement, or did not expressly or impliedly ratify it, because under the general law of partnership each partner is considered the agent of the partnership for the purpose of its business, and each act of a partner during the continuance of the partnership, and within the scope of its object, binds all other partners. See § 620.60(1), Fla. Stat. (1979).
While the complaint did not expressly state that Mr. and Mrs. Lutsch were general partners in their restaurant business, it was alleged that both owned and operated the business which was sold to the Fanslers.[2] Additionally, at trial, the plaintiffs introduced into evidence various exhibits, including the deeds of conveyance and certain financing statements which referred to the Lutschs as joint owners of the property, or referred to them in both their own names as "doing business as Seabreeze Restaurant." Finally, and most importantly, the admission of Robert Lutsch, in response to plaintiffs' request for admissions, acknowledged that he and his wife at all times pertinent to the action were partners, and shared 100% of the profits from their ownership and operation of the business which was sold to the Fanslers.
A generally recognized method of proving the existence of a partnership is an "admission ... made by any partner concerning partnership affairs within the scope of his authority... ." Section 620.61. Mr. Lutsch's admission was not introduced into evidence at trial; yet, in our judgment, the admission was appropriately before the court, and so should have been considered as relevant to the question whether Mr. and Mrs. Lutsch conducted their business as general partners.
Florida Rule of Civil Procedure 1.370(b) (effect of admissions) states: "[A]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal of amendment of the admission." (e.s.) It is now well settled that as between parties an admission in a pleading is accepted as a fact without the need of supporting evidence. Sponholtz v. Sponholtz, 180 So.2d 497 (Fla. 3d DCA 1965); Carvell v. Kinsey, 87 So.2d 577 (Fla. 1956). Moreover, Young v. Metropolitan Dade County, 201 So.2d 594 (Fla. 3d DCA 1967), refers to Rule 1.370 as authorizing an admission in a sworn pleading as establishing proof of an issue at trial. Therefore, since Rule 1.370 does not even refer to admissions in pleadings, but rather to requests for admissions, it would seem that the rule in Young would apply a fortiori to admissions in response to a request for admissions.
While it is fairly clear that an admission obtained from a response to a request for an admission is a conclusively established fact, it is not clear as to whether that admission must be introduced into evidence at trial to preserve its conclusive effect as the appellant/cross-appellee contends. Admissions obtained under Federal Rule of Civil Procedure 36, the counterpart to Florida Rule of Civil Procedure 1.370, may be offered into evidence. C. Wright and A. Miller, 8 Federal Practice and Procedure, § 2264 (1970). However, admissions in response to requests to admit under Federal Rule 36 have been characterized as judicial admissions as distinguished from evidential admissions. Id. C. McCormick, Handbook on the Law of Evidence, § 262 (3d ed. 1972), gives this description of a judicial admission:
Judicial admissions are not evidence at all, ... which have the effect of withdrawing a fact from issue and dispensing with the need for proof of the fact. (e.s.)
We therefore conclude that an admission obtained in a response to admit does not have to be introduced into evidence *341 since the admission would not go to a contested issue of fact. The admissions concerning the partnership here were already facts of record; moreover, the Lutschs' status as joint owners of the restaurant business was clearly revealed on the various transfer exhibits which were admitted into evidence. To require further proof of the partnership relationship would only, in our judgment, have been a waste of judicial time.
Appellees also urge in their cross-appeal that the trial court erred in not awarding attorney's fees to the plaintiffs because the breached sales agreement provided that the cost of litigation to enforce the agreement would be borne by the seller. This asserted error is, however, premature. After the plaintiffs had rested, it was stipulated between counsel for the plaintiffs and defendants that evidence relating to the reasonableness of the attorney's fee would be admitted into evidence by affidavits and that any objection as to hearsay would be waived, although defense counsel reserved the right to argue the question of the reasonableness of the fee. It appears from the record that a subsequent hearing would be held on the issue of reasonable attorney fees. This was the view taken by the trial court since it reserved jurisdiction on that issue, thereby awaiting a hearing on a motion to tax costs. Attorney's fees may of course be taxed as costs incidental to the main cause of action if they are provided for by contract, agreement or statute. Dorner v. Red Top Cap & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948); Shavers v. Duval County, 73 So.2d 684 (Fla. 1954); Rivera v. Deauville Hotel, Employer's Service Corp., 277 So.2d 265 (Fla. 1973). The entry of the judgment without the lower court acting on the reasonableness of fees does not later preclude the court from considering the question within a reasonable time after the appeal has been concluded. See Roberts v. Askew, 260 So.2d 492, 493 (Fla. 1972). Such an opportunity will be afforded.
Appellees have also moved for assessment of appellate attorney's fees against the defendants Lutschs in connection with the enforcement of the contract before this court. The motion is granted and the cause is remanded to the lower court for such determination.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SHAW and WENTWORTH, JJ., concur.
NOTES
[1] The value of the business portion was determined to be $170,000, while the entire sales price of the business, its improvements, and real estate, was $274,000.
[2] It is unnecessary to allege the existence of a partnership. The complaint will generally be considered sufficient if the names of the parties are designated. See DeGraum v. Jones, 23 Fla. 83, 6 So. 925 (1887); Marx v. Culpepper, 40 Fla. 322, 24 So. 59 (1898).