PER CURIAM.
This is an appeal from an order revoking probation, as well as an adjudication of guilt for sale and possession of contraband, pursuant to an adverse jury verdict. The appellant urges error in the extension of the original probation, in entering a protective order which restricted his pretrial preparation on discovery, in denying a motion for mistrial when a state witness in a nonresponsive answer may have commented on the defendant’s failure to testify, and lastly that the trial court erred in entering separate judgments of sale and possession of the same contraband.
As to the first point, it was by agreement after notice and a probation violation hearing, that the original probation term was extended. In consideration thereof the probation violation matter was dismissed. We find no error in this point. Compare Gurganus v. State, 391 So.2d 806 (Fla. 5th DCA 1980). On the second point, we find no abuse of discretion in the trial judge issuing the protective order. See State v. Domenech, 533 So.2d 896 (Fla. 3d DCA 1988); Kridos v. Vinskus, 483 So.2d 727 (Fla. 4th DCA 1985); Young v. Metropolitan Dade County, 201 So.2d 594 (Fla. 3d DCA 1967). We likewise find no error in denying the mistrial, examining the evidence in light of the Supreme Court pronouncement in State v. DiGuilio, 491 So.2d 1129 (Fla.1986). It is apparent that the evidence was conclusive as to the defendant’s guilt, and therefore if there were any error in the first instance it would be merely harmless.
The state has conceded error in the sepa-, rate judgments and convictions together with sentences for the sale and possession of contraband. Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988). We therefore strike the adjudication of guilt and sentence as it relates to the possession charge. In all other respects the convictions and sentences under review be and the same are hereby affirmed.
Affirmed as modified.