PER CURIAM.
This is an appeal by the defendant Peter Grant from judgments of conviction and sentences for (1) two counts of sale or delivery of a controlled substance, to wit: cocaine, and (2) two counts of unlawful possession of a controlled substance, to wit: cocaine, entered following an adverse jury verdict.
Based on the state’s confession of error with which we entirely agree, the judgments of conviction and sentences imposed below for the two counts of unlawful possession of a controlled substance, to wit: cocaine, are hereby reversed. It is undisputed that these convictions arise entirely out of two underlying criminal acts of the defendant in selling a quantity of cocaine to two undercover police officers, the same cocaine which forms the basis for *436 the defendant’s dual convictions for sale or delivery of a controlled substance, to wit: cocaine. This being so, the cocaine possession convictions are barred by the constitutional principles of double jeopardy. State v. Smith, 547 So.2d 613 (Fla.1989); Joseph v. State, 541 So.2d 796 (Fla. 3d DCA 1989); Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988).
There is no merit, however, to the defendant’s remaining point that the trial court committed reversible error by allowing the state to introduce certain hearsay testimony at trial. This testimony was not objected to by the defendant when offered in evidence by the state, and, consequently, the point has not been preserved for appellate review. The fact that the defendant had previously objected when the prosecutor outlined this testimony in his opening statement to the jury does not satisfy the requirement that the offending testimony must be contemporaneously objected to when offered in evidence in order to preserve the point for appellate review. See Castor v. State 365 So.2d 701, 703 (Fla.1978); Stanley v. State, 357 So.2d 1031, 1034 (Fla. 3d DCA), cert. denied, 364 So.2d 891 (Fla.1978). In any event, the error in allowing the state to mention the hearsay testimony in opening statement was entirely harmless.
The judgments of conviction and sentences for sale or delivery of a controlled substance, to wit: cocaine, are affirmed; the judgments of conviction and sentences for unlawful possession of a controlled substance, to wit: cocaine, are reversed and the defendant is hereby discharged therefrom.
Affirmed in part; reversed in part.