NIMMONS, Judge.
The appellant, Brian Lee Jory, appeals from a final order rendered by the Department of Administrative Hearings denying a request for attorney’s fees. We affirm.
Dr. Jory received his Ph.D. and became licensed in Florida to practice marriage and family therapy. Dr. Jory subsequently relocated his practice and residence to Georgia but continued to maintain his Florida license. In 1989, while the appellant was still domiciled and maintained his practice in Georgia, the Department of Professional Regulation in Florida filed a disciplinary action against the appellant based on allegations of misconduct made by one of Dr. Jory’s former patients who was treated by the appellant when he was residing and practicing in this state. The case was ultimately dismissed against the appellant because the alleged violations were found to have occurred prior to the appellant becoming licensed in Florida.
Subsequently, Dr. Jory filed a petition for attorney’s fees and costs pursuant to Section 57.111, Florida Statutes (1989), known as the Florida Equal Access to Justice Act. The Act provides in pertinent part:
*1077 (4)(a) Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to Chapter 120 initiated by a state agency, unless the actions of the state agency were substantially justified or special circumstances exist which make the award unjust.
Under the Act, Section 57.111(3)(d)l.a. defines a small business party as:
A sole proprietor of an unincorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action is initiated by the state agency, not more than 25 full-time employees or a net worth of not more than $2 million, including both personal and business investments.
Following a hearing, the hearing officer concluded that the appellant was not entitled to an award of attorney’s fees and costs because he did not meet the statutory residency requirements under the definition of “small business party.”
Dr. Jory appealed the denial of attorney’s fees on two grounds: (1) the residency requirement in Section 57.111 violates the fundamental right to travel under the Privileges and Immunities Clause of the United States Constitution, and (2) the statute violates the Equal Protection Clause of the Federal and Florida Constitutions.
As expressly recognized in the Act itself, the Florida Equal Access to Justice Act was enacted because the legislature recognized that due to the expense of civil actions and administrative proceedings, certain persons may be deterred from seeking review of, or defending against, unreasonable governmental action. Section 57.-111(2). The legislature sought to diminish that deterrent effect by providing an award of attorney’s fees and costs against the state under certain circumstances.
Article IV, Section 2, of the United States Constitution provides that the “Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.” Implicit in the provision is a fundamental right to travel from state to state and enjoy the same privileges as the residents of those states. According to Supreme Court of Virginia v. Friedman, 487 U.S. 59, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988), there is a two-step inquiry when determining whether residency classifications violate the Privileges and Immunities Clause. First, the questioned activity must be sufficiently basic to the livelihood of the nation, and bear on the vitality of the nation as a single entity. Second, the challenged restriction must be closely related to the advancement of a substantial state interest, and the court can consider if there are alternative means available to further the state’s purpose. In Friedman, the challenged restriction concerned residency requirements for qualified lawyers to become admitted to practice law in Virginia without taking the state’s bar examination. The appellee was an attorney employed in Virginia, but resided in Maryland, and her application for admission to the Virginia bar was denied because she was not a permanent resident of the Commonwealth of Virginia. The Court held that the practice of law was sufficiently basic to the national economy and protected by the privilege and immunities clause. Further, Virginia failed to demonstrate that its discrimination against nonresidents bears a close relationship to the advancement of its interests and there were alternative means available to achieve the state’s objectives. Thus, the Court concluded Virginia’s residency requirement for admission to the state’s bar without examination violated the Privileges and Immunities Clause.
In the case at bar, the challenged activity concerns whether a nonresident is entitled to an award of attorney’s fees against the State of Florida. Clearly, the residency requirements of Section 57.111, Florida Statutes, do not meet the first prong of the inquiry articulated in Friedman, supra. An award of attorney’s fees is in derogation of the common law, allowed only when provided for statutorily or contractually. See Rivera v. Deauville *1078 Hotel, Employees Service Corporation, 277 So.2d 265 (Fla.1973). Entitlement to an award of attorney’s fees is not sufficiently basic to the national economy and is not a privilege protected by the Privileges and Immunities Clause. Secondly, the State of Florida has a substantial interest in limiting the award of attorney’s fees to residents. Without the residency requirement, the state’s limited financial resources would become available to nonresidents who do not aid the state’s economy nor replenish the state’s coffers by paying taxes.
The appellant also contends that the classification scheme between licensed residents and licensed nonresidents in Section 57.111, Florida Statutes, violates the Equal Protection Clause under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution.
The Fourteenth Amendment to the United States Constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. It is the function of the reviewing court to determine whether the classifications are reasonable in light of the purpose of the statute and whether the statute presents an arbitrary or invidious discrimination between the classes. See McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964). The state must demonstrate the statute’s classifications are rational and reasonably related to the state’s interests. However, the state is not required to precisely articulate the legitimate underlying purposes of the classification if the classification does not impinge upon any fundamental interests of that group. See Baldwin v. Fish and Game Commission of Montana, 436 U.S. 371, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978).
In the instant case, the Florida Equal Access to Justice Act’s provision for an award of attorney’s fees to residents does not impinge upon any fundamental right of the appellant. Additionally, the statutory distinction in Section 57.111 between resident and nonresident licensees is rationally and reasonably related to the state’s economic interest in limiting the financial impact of an award of attorney’s fees.
We affirm the denial of the appellant’s petition for attorney’s fees.
BOOTH, J., and WENTWORTH, Senior Judge, concur.