GRIMES, Justice,
dissenting.
Try as I will, I cannot reach the conclusion that a petition for modification of the child support requirements of an order determining paternity is governed by chapter 61, Florida Statutes (1989). That portion of section 61.14(1), Florida Statutes (1989), which authorizes modification “when a party is required by court order to make any payments,” is referring to payments arising out of judgments of dissolution of marriage or settlement agreements. Neither that statute nor any other portion of chapter 61 has anything to do with paternity orders.
The jurisdiction to modify paternity orders derives from section 742.06, Florida Statutes (1989). Therefore, if it exists, the authority to award attorney’s fees in connection with the modification of paternity orders lies within chapter 742. Section 742.031, Florida Statutes (1989), provides for the award of attorney’s fees when an order of paternity is entered. However, section 742.06 only states that the court “shall retain jurisdiction of the cause for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require.” Because the award of attorney’s fees is in derogation of common law, Florida courts have historically refused to grant attorney’s fees in the absence of a specific authorization. Rivera v. Deauville Hotel, Employers Serv. Corp., 277 So.2d 265 (Fla.1973); Stump v. Foresi, 486 So.2d 62 (Fla. 4th DCA1986). I am unable to read section 742.06 as incorporating the authority of section 742.031 to award attorney’s fees. The Second District Court of Appeal reached the same conclusion in Mortenson v. Johnson, 566 So.2d 579 (Fla. 2d DCA1990), as did an Illinois court in construing similar statutes. Fink v. Roller, 113 Ill.App.3d 1084, 69 Ill.Dec. 744, 448 N.E.2d 204 (1983). See also Gary Brookmyer, Attorney’s Fees in Paternity Modification Proceedings, Fla.B.J., Apr. 1989, at 30.
The 1991 amendment to chapter 742, no doubt prompted by the decision below, indicates that the legislature would have wanted to authorize attorney’s fees in paternity modification proceedings had the matter been brought to its attention. However, courts are not at liberty to consider legislative intent in construing statutes which are clear and unambiguous. Streeter v. Sullivan, 509 So.2d 268 (Fla.1987). Thus, as this Court so clearly stated many years ago:
“The Legislature must be understood to mean what it has plainly expressed and this excludes construction. The Legislative intent being plainly expressed, so that the act read by itself or in connection with other statutes pertaining to the same subject is clear, certain and unambiguous, the courts have only the simple and obvious duty to enforce the law according to its terms. Cases cannot be included or excluded merely because there is intrinsically no reason against it. Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity. If a Legislative enactment violates no constitutional provision or principle it must be deemed its own sufficient and conclusive evidence of the justice, propriety and policy of its passage. Courts have then no power to set it aside or evade its operation by forced and unreasonable construction. If it has been passed improvidently the responsibility is with the Legislature and not the courts.... ” 2 Sutherland’s Statutory Construction, Sec. 366, p. 701.
Van Pelt v. Hilliard, 75 Fla. 792, 798-99, 78 So. 693, 694-95 (1918).
I respectfully dissent.