PER CURIAM.
City of Miami, the employer, appeals an August 1993 order of the judge of compensation claims (JCC) finding that “claimant’s attorneys are entitled to a reasonable attorney’s fee of $16,500.00 to be paid by the employer.” § 440.34, Fla. Stat. We affirm the order in part and reverse in part. In support of an attorney’s fee in the lower tribunal, Claimant’s counsel submitted an affidavit and list of time billed for the years 1988-1992. City of Miami questioned, inter alia, Claimant’s counsel’s 10 hours billed for “telephone contact with Claimant — intervals less than 15 minutes,” and 3 hours billed for a telephone conference with City’s attorney. Both of these disputed items involved hours billed on unspecified dates in 1992. These 13 hours relate to periods after the filing date of the notice of appeal in the prior litigation (Appeal # 1). City of Miami v. Harrison, 608 So.2d 577 (Fla. 1st DCA 1992) (affirming award of prescription reimbursement and reversing on issue of offsets taken against monthly pension benefits). Because the record fails to demonstrate that the 13 hours of *1063 billable time in 1992 (during the pendency of the first appeal) were reasonable, we direct the JCC to strike those 13 hours from the award of trial attorney’s fees. § 440.34, Florida Statutes; Rivera v. Deauville Hotel, Employers Serv. Corp., 277 So.2d 265 (Fla. 1973) (judge of industrial claims was not authorized to award attorney’s fees for counsel’s activities representing claimant before an appellate tribunal); Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968). The order is affirmed in all other respects.
AFFIRMED in part and REVERSED in part, with instructions.
WOLF, WEBSTER and MICKLE, JJ., concur.