87 So.2d 577 (1956)
Alicia B. CARVELL and The Keyes Company, Appellants,
v.
Thomas W. KINSEY and Anna S. Kinsey, his wife, and Steven Mihalik and Elizabeth Mihalik, his wife, Appellees.
Supreme Court of Florida. Division A.
May 23, 1956.
Hudson & Cason, Miami, for Alicia B. Carvell.
Grady C. Harris, Miami, for the Keyes Co.
Norman R. Lyons, Miami, for Thomas W. Kinsey and his wife Anna S. Kinsey.
THORNAL, Justice.
Appellant, the Keyes Company, was plaintiff below, and appellant, Carvell, was one of the defendants below. They joined in an appeal seeking reversal of a decree of the Chancellor finding that the appellees Kinseys, who were also defendants below, were not liable to the appellants for a real estate commission.
The primary issue tendered by the appeal is whether the pleadings, regardless of the evidence, establish the liability of the Kinseys to the appellants Carvell and Keyes.
The dispute arises out of a real estate transaction. The Kinseys owned a building in Miami. They listed it for sale with the Keyes Company, who in turn mailed a brochure describing the property and terms of sale to other brokers, including Carvell. Carvell contacted a prospective purchaser named Mihalik who executed a contract to purchase on terms agreeable to the owners, who likewise executed the contract which was in the usual form of a deposit-receipt used for such transactions in Dade County. The contract contained a provision likewise signed by the owners that they would pay the brokers a commission of $3,000 for finding the purchasers.
After the execution of the contract, it developed that the purchasers could not obtain a mortgage that would enable them to finance the transaction. The obtaining of this mortgage appears to have been a stipulated *578 part of the original deal. After some delay, the purchasers then applied for another mortgage and obtained a commitment therefor, subject to approval of title. Thereupon it developed that the owners had previously conveyed five feet of the property to the City of Miami, and that the building encroached upon this area. When this impediment to closing was discovered, an effort was made to obtain a waiver of the encroachment from the City but after a prolonged delay, the purchasers withdrew their offer and decided not to go through with the deal before any waiver was obtained.
When the original agreement was executed, the purchasers deposited $4,000 with the Keyes Company which ultimately found itself the subject of demands by the proposed purchasers, the sellers and the cooperating broker, Carvell, who considered that she was entitled to her share of the commission for having produced a purchaser.
The Keyes Company filed a complaint describing itself as an escrow holder of the $4,000 deposit; that it was being subjected to conflicting demands; that it had the money available and indicating a willingness to deposit the money into the registry of the court. It also claimed a commission for itself and Carvell for having produced the purchaser, ready, able and willing to close the transaction, which failed through no fault of the brokers.
There was a rash of claims, counterclaims and answers to counterclaims. An analysis of the pleadings, however, suggests that at the outset the two brokers and the Kinseys were directing their efforts at establishing the proposition that the buyer Mihalik was bound by the contract, that the seller and the brokers had performed, that Mihalik had failed to comply with his agreement and had forfeited the $4,000 deposit.
Considerable testimony was taken with the result that the Chancellor concluded that Mihalik, the buyer, was justified in withdrawing from the transaction, and the decree directed that the $4,000 deposit be returned to him. There is no appeal from this aspect of the decree. No errors are assigned or argued with reference to the Mihalik ruling. The Chancellor further decreed that the Kinseys were not obligated to pay the brokers a commission and it is from this adverse ruling that the brokers appeal.
Appellants contend that Kinseys' answer to the complaint of Keyes contains admissions of liability for the commission and that these admissions were disregarded by the Chancellor in the entry of the final decree. They further contend also that the evidence supports their position.
Appellees Kinsey rely on the proposition that the Chancellor heard the testimony and resolved the facts in their favor.
A careful examination of the record leads us to the conclusion that there was error in the final decree which justifies reversal. Although we have thoroughly examined the evidence, we find it unnecessary to comment upon it.
By paragraph 5 of the complaint, the appellant Keyes alleged:
"Said real estate commission of $3,000.00 became due and payable to Alicia B. Carvell and The Keyes Company by Thomas W. Kinsey and Anna S. Kinsey on September 9, 1953. Said commission of $3,000.00, together with interest thereon at the rate of six per cent per annum from September 9, 1953, is now due, owing and unpaid by Thomas W. Kinsey and Anna S. Kinsey to Alicia B. Carvell and The Keyes Company."
By paragraph 1 of their answer, appellees Kinsey unequivocally admitted the above quoted claims of the complaint in the following language, to wit:
"These defendants admit the allegations contained in paragraphs numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the Bill of Complaint."
In other paragraphs of the complaint, Keyes likewise asserted that the commission *579 was due to Carvell and itself and these allegations were admitted by the Kinsey answer.
At the final hearing the Chancellor extended to the Kinseys an opportunity to amend their answer and as a matter of fact they did amend by striking paragraph 3 of the answer which paragraph has nothing whatever to do with the point at issue.
This court is without authority to re-cast the pleadings for the parties. It is the responsibility of litigants to frame the issues by presenting to the trial court proper pleadings drafted in accordance with the requirements of our Rules of Civil Procedure. Citation of authorities is unnecessary to sustain the rule that parties-litigant are bound by the allegations of their pleadings and that admissions contained in the pleadings as between the parties themselves are accepted as facts without the necessity of supporting evidence.
In the case at bar it is perfectly clear that the complaint specifically alleged that the Kinseys were indebted to Carvell and Keyes, as brokers. It is equally clear that the Kinseys admitted the indebtedness. While it is altogether possible that at this stage of the cause both the Kinseys and the brokers were endeavoring to place the entire responsibility on the proposed purchasers, nevertheless, we are not permitted to pierce the allegations of the pleadings in order to attempt to ascertain the desires of the parties and reframe their pleadings for them. The answer was clear and unequivocal. It contained no alternative denial of the indebtedness and even when permission was granted at final hearing, it was never amended so as to deny the indebtedness. We are, therefore, forced to conclude that in view of the complaint and the admissions of the answer, the Chancellor committed error in finding that the Kinseys were not indebted to the appellants, and for this reason the decree will have to be reversed on this aspect of the matter.
We have not undertaken a discussion of the sufficiency of the complaint itself. It was not attacked in the lower court nor is the question raised on this appeal.
For the reasons stated, the final decree appealed from is reversed and the cause remanded to the lower court for further proceedings consistent with this opinion.
Reversed.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.