McNEAL, R., Associate Judge.
The City of Deland appeals a directed verdict in a civil forfeiture case. The city contends that the trial court erred in directing a verdict for Robert James Miller, owner of a 1979 Ford van and $301, because there was sufficient evidence to submit the issue of whether to forfeit the property to the jury. Miller argues that the city failed to prove identity of the van and failed to produce any evidence that the money was acquired illegally. We affirm the directed verdict denying forfeiture of the $301, but reverse the directed verdict denying forfeiture of the 1979 Ford van.
The City of Deland seized $301 and a 1979 Ford van from James Robert Miller on October 3, 1990, after observing Miller sell stolen property to an informant. In his answer to the city’s petition, Miller admitted identity of the van, the currency, and his exclusive interest in this property. Miller’s answer framed the real issues in dispute by denying that the currency and van were instrumentalities in the commission of the felony of dealing in stolen property and by specifically denying that “he knew or should have known after reasonable inquiry that the property and TJ.S. currency in his possession were being or were likely to be employed in criminal activity.”
Before trial the city and Miller submitted a joint pretrial compliance in which they *122 reaffirmed those earlier admissions and stipulated that the issues for trial were whether the money and van were used as instrumentalities in the commission of the felony of dealing in stolen property, whether Miller knew or should have known the property transported in his van was stolen, and whether he was entrapped to utilize his van so that it could be seized. Thus, it was undisputed that Miller transported the stolen property in his 1979 Ford van, Florida license tag number HZS-15Q, VIN # E04HHEK3803.
At trial the city presented evidence that Miller sold the stolen property to the informant after the informant told Miller in a taped conversation that the property was stolen. The city presented other evidence that was sufficient to establish Miller’s actual and constructive knowledge that the property he sold to the informant was stolen, but the city did not present any specific evidence identifying the van or the van’s owner. At the close of the city’s case the court directed a verdict for Miller because the city did not prove identity of the van.
The parties are bound by their pleadings. Admissions in the pleadings are accepted as facts without the necessity of further proof. Carvell v. Kinsey, 87 So.2d 577, 579 (Fla.1956). Moreover, these uncontested facts do not have to be introduced into evidence at trial. Lutsch v. Smith, 397 So.2d 337, 340 (Fla. 1st DCA 1981). Because Miller admitted identity of the van in his pleadings and in the joint pretrial compliance, the court erred in directing a verdict based on the city’s failure to prove identity of the van at trial.
To sustain forfeiture of $301 the city attempted to show that Miller acquired the money by dealing in stolen property. The city’s best evidence that Miller obtained the $301 from illegal sales was the fact that Miller, owner and operator of Bob’s T.V. and Stereo, did not report any sales to the Department of Revenue for the months of June through September, 1990. The court properly sustained an objection to this evidence.
If the city had produced any other evidence of illegal sales, failure to report them to the Department of Revenue would tend to prove that the $301 was illegally acquired. But in this case the city did not produce any evidence of illegal sales except the sale by Miller to the informant. Under these circumstances it is just as likely that Miller earned the money from legal sales, but failed to report them to the Department of Revenue to avoid paying sales tax. Failure to collect sales tax is a misdemean- or. § 212.07(3), Fla.Stat. Therefore, even if the court had allowed the evidence, it would have been insufficient to support forfeiture of the $301.
For this reason, the directed verdict denying forfeiture of the 1979 Ford van is reversed and remanded for further proceedings consistent with this opinion. The directed verdict denying forfeiture of the $301 is affirmed.
AFFIRMED in part; REVERSED and REMANDED in part.
HARRIS and DIAMANTIS, JJ., concur.