W. SHARP, J.
Dicus appeals from a final summary judgment in favor of Valencia Community College (“Valencia”) in a slip and fall case. The trial court ruled the suit is barred by *564 the four year statute of limitations.[1] We affirm.
In her lawsuit, Dicus alleged she slipped and fell on a coffee spill while walking down a hallway at Valencia Community College, and that she suffered severe injuries. The cleaning crew at Valencia said they were aware of the spill but they had not had time to clean it up. In her complaint, Dicus alleged the accident occurred on April 13, 1993. The lawsuit was filed on September 12,1996. Had that been the case, there would have been no viable statute of limitations defense available to Valencia.
However, as discovery progressed, the date of the accident was established as April 13,1992, more than four years before the lawsuit was filed. In response to interrogatories filed by Valencia, Dicus stated under oath the accident happened on April 15, 1992. The medical records she furnished in response to motions to produce filed by Valencia established the accident happened on April 13, 1992. At the hearing on Valencia’s motion for summary judgment, the attorney for Dicus admitted that Dicus had initially told him the accident happened in 1993 and it was not until the discovery process commenced that he learned of the mistake. He properly conceded at the hearing that the injury occurred on April 13,1992.
At the summary judgment hearing, Dicus’ attorney argued that the statute of limitations should be tolled by the fact that Dicus and Valencia entered into negotiations for settlement prior to the running of the statute. However, he admitted there was no basis upon which to assert that Dicus had been promised payment if she delayed filing suit. He also argued that the statute should be tolled because Dicus did not realize until 1995 the extent of her injuries and that they would require surgery.
In order to defeat the summary judgment motion at that point in these proceedings, Dicus was required to point to a material fact issue of record, or legal theory sufficient to defeat the running of the statute.[2] She was simply unable to do this, or even to assert the possible existence of unestablished facts outside the record. Nor do her legal theories appear viable.[3]
The attorney for Dicus raises as her sole point on appeal that there is a material fact issue as to when the accident occurred, since her complaint is in conflict with the date she affirmed under oath, and the date her attorney conceded it happened at the summary judgment hearing. This argument has no merit. A party is bound by his or her admissions under oath, be it by deposition or interrogatories.[4] A party is also bound by factual concessions made by that party’s attorney before a judge in a legal proceeding.[5] Because of both of these reasons, at the time of the summary judgment hearing, the accident date was fixed at April 13 or 15, 1992. Both dates are past the four-year time limit for filing this lawsuit.
This is an example of an appeal with no merit. That fact was apparent at the time it was filed. Accordingly, we affirm the trial court but remand with instructions that appellate attorney’s fees *565 and costs be assessed against appellant in favor of Valencia pursuant to section 57.105(1), Florida Statutes. See Department of Revenue on Behalf of Beverly Glover v. Smatt, 679 So.2d 1191 (Fla. 5th DCA 1996). In its discretion, the trial court may impose all or a portion of the attorney’s fee award against Dicus’ attorney, who also represented her in the trial court.
AFFIRMED and REMANDED with instructions.
HARRIS and PETERSON, JJ., concur.

. §§ 768.28(12), Fla. Stat. (1991); 768.28(13), Fla. Stat. (1995); 95.11(3)(a), Fla. Stat. (1992) and (1995).

. See Landers v. Milton, 370 So.2d 368 (Fla.1979).

. Seaboard Air Line R.R. Co. v. Ford, 92 So.2d 160 (Fla.1955); Doe v. Dorsey, 683 So.2d 614 (Fla. 5th DCA 1996); City of Brooksville v. Hernando County, 424 So.2d 846 (Fla. 5th DCA 1983).

. Ondo v. F. Gary Gieseke, P.A., 697 So.2d 921 (Fla. 4th DCA 1997); Whitlock v. Elich, 409 So.2d 110 (Fla. 5th DCA 1982).

. Board of Public Instruction of Dade County v. Fred Howland, 243 So.2d 221 (Fla. 3d DCA 1970); Mendelsund v. Southern-Aire Coats of Florida, Inc., 210 So.2d 229 (Fla. 3d DCA 1968).