372 F.3d 261
 Alan MEYER, Trustee for Paul D. Meyer, M.D., P.A.; Jorge R. Ordonez, Trustee for Jorge R. Ordonez, M.D., P.A.; Employee Profit Sharing Plan And Trust, Successor To Jorge R. Ordonez, M.D. Money Purchase Pension Plan And Trust; Money Purchase Plan And Trust, Plaintiffs-Appellees,
v.
BERKSHIRE LIFE INSURANCE COMPANY, Defendant-Appellant.
 No. 03-1600.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 2004.
 Decided: June 14, 2004.
 
 ARGUED: Nicholas Theodore Christakos, SUTHERLAND, ASBILL & BRENNAN, L.L.P., Washington, D.C., for Appellant. Mark Menton Dumler, PARKER, DUMLER & KEILY, L.L.P., Baltimore, Maryland, for Appellees. ON BRIEF: Stephen M. Rosenblatt, SUTHERLAND, ASBILL & BRENNAN, L.L.P., Washington, D.C., for Appellant.
 Before LUTTIG and MICHAEL, Circuit Judges, and Bobby R. BALDOCK, Senior Circuit Judge of the United States Court of Appeals for the Tenth Circuit, Sitting by designation.
 Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge MICHAEL and Senior Judge BALDOCK joined.
 OPINION
 LUTTIG, Circuit Judge:
 
 
 1
 Appellees, Alan Meyer and Jorge Ordonez, in their capacity as trustees for certain pension plans and trusts ("the pension plans"), sued appellant, Berkshire Life Insurance Co. ("Berkshire"), in state court, bringing common-law claims for professional negligence, negligent misrepresentation or omission, deceit, and breach of fiduciary duty. The claims primarily turn on the actions of Michael Meszaros, a Berkshire insurance agent. Broadly speaking, appellees allege that Berkshire, through Meszaros, "placed excessive pension plan funds into life insurance policies, imprudently invested funds in low-yielding annuities, and repeatedly churned the plans' assets." J.A. 174. After Berkshire removed the case, asserting that the district court had jurisdiction under the Employee Retirement Income Security Act ("ERISA"), appellees amended their complaint to include, in the alternative, a fifth count for damages for breach of fiduciary duty under ERISA. Berkshire moved for summary judgment and, after Berkshire waived its prior argument that it was not an ERISA fiduciary, the district court dismissed appellees' state-law claims as preempted. See Meyer v. Berkshire Life Ins. Co., 128 F.Supp.2d 831 (D.Md.2001) ("Meyer I").
 
 
 2
 The district court held a bench trial on the ERISA claim and found, in a lengthy opinion, that Meszaros acted substantially as alleged in appellees' complaint and that Berkshire, through the actions of Meszaros, its agent, breached its fiduciary duties under 29 U.S.C. § 1104. The court awarded appellees damages of almost $1.3 million, plus pre- and post-judgment interest. See Meyer v. Berkshire Life Ins. Co., 250 F.Supp.2d 544 (D.Md.2003) ("Meyer II").[1] The court's decision rested heavily, though not exclusively, on its conclusion that Berkshire's "concession" as to fiduciary status prevented Berkshire from challenging that status as to Meszaros' alleged conduct.
 
 I.
 
 3
 On appeal, Berkshire raises several claims of error. The only claim that we address in detail, however, is Berkshire's assertion that the district court erred in finding that Berkshire conceded that it was an ERISA fiduciary with respect to Meszaros' alleged actions. As explained below, we hold that the district court did not abuse its discretion in so construing Berkshire's waiver.
 
 A.
 
 4
 In its motion for summary judgment, Berkshire argued that appellees' four state-law claims were preempted under 29 U.S.C. § 1144(a) and that it was not an ERISA fiduciary. In response, appellees claimed that these positions were inconsistent because "if Berkshire is not an ERISA fiduciary, then, as a matter of law, ERISA does not preempt the state law claims against Berkshire." Id. at 558. Because the evidence as to Berkshire's fiduciary status was in dispute, appellees asserted that their state and ERISA claims would all have to be tried.
 
 
 5
 In its reply memorandum, Berkshire responded as follows:
 
 
 MODIFICATION OF ORIGINAL MEMORANDUM
 
 
 6
 Given [appellees'] concession that their common law claims are pre-empted if "Berkshire served as an ERISA fiduciary," [Berkshire] will waive its argument that it was not an ERISA fiduciary. Thus, this case should proceed as an ERISA case, subject to ERISA statutes and case law interpreting it.
 
 
 7
 Id. (underlining added). In addition to making this "concession," Berkshire "argued for twenty pages" in that brief "that the statute of limitations [for `actual knowledge' cases] bars the action," but "did not respond whatsoever to [appellees'] contentions that Berkshire was an ERISA fiduciary because Meszaros exercised discretionary authority over the plans' assets and rendered investment advice for a fee." Id. Accordingly, the district court reasoned that Berkshire's concession "rendered evaluation of [the fiduciary status] issue unnecessary," and granted summary judgment for Berkshire on the state-law claims.
 
 
 8
 At trial and thereafter, the district court rejected Berkshire's attempts, through new counsel, to "recast" the scope of its waiver. Id. at 559. Indeed, after noting that "the facts as alleged in the amended complaint are substantially similar to the court's findings of fact," the court explained that
 
 
 9
 Berkshire's unqualified concession that it was an ERISA fiduciary was in response to the plaintiffs' claims that Berkshire, through its agent, violated numerous common laws by mismanaging their pension plans. The court accepted the defendant's concession, and Berkshire's subsequent attempts to disavow the concession it made or to constrict its scope are unavailing. The court finds, therefore, that Berkshire was an ERISA fiduciary with regard to the conduct alleged in the amended complaint, namely Meszaros'[] investment decisions on behalf of the plans from 1983 to sometime in 1997.
 
 
 10
 Id. at 558, 560 (emphasis added).
 
 B.
 
 11
 We think it apparent that, in so ruling, the district court implicitly construed Berkshire's waiver as a "judicial admission," i.e., a representation that "unless allowed by the court to be withdrawn, is conclusive in the case." Keller v. United States, 58 F.3d 1194, 1199 n. 8 (7th Cir.1995) (citing relevant treatises and distinguishing "judicial admissions" from "evidentiary admissions"). We review "the district court's determination as to whether a particular statement constitute[d] a judicial admission ... [for] abuse of discretion." MacDonald v. General Motors Corp., 110 F.3d 337, 340 (6th Cir.1997).
 
 
 12
 No matter what label is affixed to Berkshire's statement, Berkshire claims that the district court's conclusion as to that statement's binding effect was erroneous as a matter of law. More specifically, Berkshire contends that the district court's conclusion is necessarily incorrect because parties cannot admit or stipulate to the legal conclusion of fiduciary status under ERISA. Instead, that conclusion has to be based on the evidence presented at trial, evidence that Berkshire claims was legally insufficient to support the district court's judgment here.
 
 
 13
 Berkshire first argues that it merely waived its legal right to assert that it was not an ERISA fiduciary based on the evidence, but did not admit that it was one. And even if it had admitted fiduciary status, Berkshire claims, because that status is a legal conclusion, the district court could not properly accept such a concession.
 
 
 14
 We disagree. Judicial admissions are not, as Berkshire claims, limited to affirmative statements that a fact exists. They also include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law. See, e.g., Martinez v. Bally's Louisiana, Inc., 244 F.3d 474, 477 (5th Cir.2001) ("Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact.") (emphasis added). Accordingly, the district court could permissibly interpret Berkshire's waiver of its argument that it was not an ERISA fiduciary to have the effect of excusing appellees from proving the facts necessary to establish Berkshire's fiduciary status.[2] See Major v. CSX Transp., Inc., 170 F.Supp.2d 563, 567 (D.Md.2001) (explaining that a statement that "crew error... was a substantial legal cause of [a] collision" is more than "a mere fact "; "[i]t is a legal conclusion in the nature of a stipulation excusing the need to produce evidence.").
 
 
 15
 Berkshire also asserts that when a complaint seeks relief within the scope of 29 U.S.C. § 1109 (governing liability for breach of fiduciary duty under ERISA), a district court's ongoing subject-matter jurisdiction under 29 U.S.C. § 1132(e) is inextricably intertwined with the defendant's fiduciary status. Because a party cannot confer jurisdiction on the court, Berkshire could not concede that it was an ERISA fiduciary, so the argument goes.
 
 
 16
 This argument fails as well. While it is axiomatic that "[c]onsent of parties cannot give the courts of the United States jurisdiction," it is also true that "the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission." Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 551 (6th Cir.1986) (allowing, over a similar objection, a judicial admission of "employer" status under the Fair Labor Standards Act).
 
 C.
 
 17
 Berkshire further claims that even if it did concede that it was an ERISA fiduciary in some regard, it did not concede to being a fiduciary as to Meszaros' alleged conduct, and is not responsible under ERISA for his actions. We are satisfied, however, that the district court did not abuse its discretion in determining the scope of Berkshire's "concession."
 
 
 18
 When a party unqualifiedly waives a legal defense, it is within the court's discretion to construe that waiver as judicial admission in a manner that effectuates the strategic purpose for which the court reasonably believes the waiver was made. The court below clearly expressed its interpretation of why Berkshire made the waiver, explaining that "the court treated the concession as Berkshire itself intended it to be treated: as a means to broadly preempt the four common law claims that alleged that Berkshire, via its agent, Meszaros, mismanaged [appellees'] pension plans." Meyer II, 250 F.Supp.2d at 559 (citations omitted) (emphasis added). Given that purpose, the district court not only concluded that Berkshire conceded its fiduciary status, but also that "[s]ince [its] concession was made in response to claims that Berkshire, through its agent, mismanaged [appellees'] pension plans, the concession is properly understood to waive any argument that Meszaros was not acting within the scope of his employment when he breached his fiduciary duties." Id. at 564 n. 29.[3] In other words, it appears that the district court believed, or at least could have permissibly believed, that the state-law claims would be preempted because of Berkshire's fiduciary status if Meszaros' activities with respect to the pension plans were performed within the scope of "Meszaros' agency and employment" with Berkshire, an ERISA fiduciary — irrespective of whether such a representation was actually necessary to dismiss those claims as preempted at summary judgment. And on that basis, the court could have permissibly construed Berkshire's waiver as a judicial admission that, if the appellees proved that "Meszaros' investment decisions on behalf of the plans" were made "as alleged in the amended complaint," excused the appellants from establishing that "Berkshire, through its agent [and acting as an ERISA fiduciary]," itself engaged in that conduct.[4] Id. at 560.
 
 
 19
 While it is commonly understood that the representations of parties to federal litigation may be binding in appropriate circumstances, courts have been diligent in preventing parties from gaining an improper advantage by withdrawing or distorting an earlier concession of fiduciary status under ERISA that was made, for example, to preempt a plaintiff's state-law claims. See id. at 559-60 (collecting cases); see also Moench v. Robertson, 62 F.3d 553, 560 (3d Cir.1995) (rejecting defendants' efforts to re-characterize their unqualified concession of fiduciary status at summary judgment and explaining that "the [defendants are] changing course when [they] now argue[] ... that [they were] simply not an ERISA fiduciary in the relevant capacity. We will not permit this.") (emphasis added). Such diligence was equally appropriate here. For the reasons stated above, we affirm the district court's judgment in this respect.
 
 II.
 
 20
 As noted above, Berkshire also raises several other claims, including that the district court erred in determining that, disregarding any concession, Berkshire was a fiduciary pursuant to 29 U.S.C. § 1002(21)(A)(ii) with respect to Meszaros' conduct; in determining that Berkshire breached its fiduciary duties under 29 U.S.C. § 1104; and in concluding that appellees did not have actual knowledge of Berkshire's breaches, so that the shorter three-year statute of limitations for "actual knowledge" cases in 29 U.S.C. § 1113(2) did not apply. As to these claims, we affirm substantially on the district court's reasoning.
 
 
 AFFIRMED
 
 
 
 Notes:
 
 
 [1]
 Because the facts underlying the litigation are more than adequately recounted in the above-mentioned reported opinions, we do not detail them here
 
 
 [2]
 In arguing to the contrary, Berkshire misses the distinction between mere opinions of law, and intentional waivers of legal defenses. While courts are "reluctant" to treat "opinions and legal conclusions ... as binding judicial admissions," "deliberate, clear [,] and unambiguous" statements by counsel may be considered judicial admissions that bindthe conceding party to the representations made. See MacDonald, 110 F.3d at 340-41. In contrast, the precedents on which Berkshire relies in arguing that parties to federal litigation cannot stipulate to legal conclusions, appear to stand for, at least in this context, no more than the unsurprising proposition that the court is not bound by a party's conception of the legal effect of certain facts. See, e.g., New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir.1963) ("When counsel speaks of legal principles, as he conceives them and which he thinks applicable, he makes no judicial admission and sets up no estoppel which would prevent the court from applying to the facts disclosed by the proof, the proper legal principles as the Court understands them.") (emphasis added), cited in Br. of Appellant at 38-39.
 
 
 [3]
 In this regard, the district court likely was alluding to the statements in each of appellees' state-law counts that "Berkshire is liable as a principal for the negligent acts [or deceit] of its agent and employee, Meszaros, performed within the scope of Meszaros' agency and employment." J.A. 11-13, 15
 
 
 [4]
 Contrary to Berkshire's assertions, this conclusion is only confirmed by the following exchange at trial:
 THE COURT: You seem to be agreeing that if a commission is being paid to a Berkshire agent that is advice for a fee and that is a fiduciary function?
 MR. CHRISTAKOS: For purposes of this case, I believe that's the logical consequence of the position that was taken earlier and that is if Berkshire is a fiduciary and again I want to make clear what I said, what we said in our pretrial order filing. For posterity, I want to say on the record [that] Berkshire is not conceding anything that would in any way in our view be applicable to any other case. But for purposes of this case, we have agreed to waive the defense that we are not a fiduciary and that is the only possible theory that fits these facts and so that is the theory that we're presenting.
 J.A. 213-14 (emphases added). Based on this colloquy, the district court concluded that Berkshire made a "second concession" that "it was a fiduciary pursuant to [29 U.S.C. § 1002(21)(A)(ii)] by virtue of the commissions Meszaros received in connection with transactions made on behalf of the [appellees'] plans." Meyer II, 250 F.Supp.2d at 560. But the exchange also has broader import, in that it demonstrates — if by nothing else than the juxtaposition of what Berkshire "is not conceding" with what it "ha[s] agreed to waive" — that even Berkshire's trial counsel understood that Berkshire's representation at summary judgment was not merely a legal opinion but, rather, was an unambiguous waiver of its right to dispute that it was an ERISA fiduciary under "these facts."