WELLS, Judge.
Jeffrey B. Harris appeals from an order ratifying and adopting the Report and Recommendation of a General Master which recommended that Harris be held in contempt for failure to pay child support and incarcerated for 120 days upon failure to pay a $20,000 purge within 30 days. Harris claims that there is no evidence that he can pay the purge amount and thus the contempt order must be reversed. We disagree. The record shows that in the three years immediately preceding the contempt proceedings, Harris’ solely-owned business generated $209,000 (2000), $599,000 (2001), and $483,000 (2002) in gross income, the expenditure of which Harris could not (because he obtained and kept no records) and did not account. The record also shows that Harris had at his disposal substantial sums of cash which he withdrew from this business either directly or via checks cashed by his. new wife, the expenditure of which he also could not and did not account. Harris also conceded that he had approximately $20,000 in readily saleable inventory and approximately $20,000 in receivables at his disposal. Based on this and other testimony regarding Harris’ more than' comfortable life-style, we cannot agree that there was no evidence of Harris’ ability to pay, the purge amount. See Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985)(observing that “[i]n determining whether the contemnor possesses the ability t'o pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained”) (emphasis in original).
We also reject Harris’ claim that the trial court erred in refusing to interpret the parties’ 2000 modification agreement as having eliminated his obligation to pay additional child support in the form of *714 medical insurance, medical bills, uncovered dental/orthodonture/medical/hospital expenses, and automobile expenses. First, there is no indication in the modification agreement that these items were being modified or eliminated. Second, Harris swore in a verified motion for modification that except as to the amount of the monthly child support being paid, the modification agreement left these obligations unchanged:
The Final Judgment of Dissolution of Marriage incorporated the Parties’ Marital Settlement Agreement ... whereby the Former Husband agreed to pay child support ... [in the amount] of Four Thousand and No/100 ($4,000.00) Dollars per month.... In the above referenced Marital Settlement Agreement the Parties also agreed that the Former Husband would be responsible for paying medical insurance, medical bills, uncovered dental/orthodon-ture/medical/hospital expenses ..., and automobile [expenses].
... [T]he Parties entered into a Stipulation dated April 25, 2000 whereby the Parties agreed that the Former Husband would pay $2,000 per month for the minor children until each child reaches the age of eighteen (18) or until the child graduates from High School, whichever occurs last. Except as modified by the Stipulation dated April 25, 2000, all other aspects of the Final Judgment were ordered to remain in full force and effect, including the other court ordered obligations referenced above.[1]
(Emphasis added).
Thus, there was no error in the trial court’s interpretation of the modification agreement. See Dicus v. District Bd. of Trustees for Valencia, 734 So.2d 563, 564 (Fla. 5th DCA 1999)(confirming that a party is bound by his or her admissions under oath); Ondo v. F. Gary Gieseke, P.A., 697 So.2d 921, 923 (Fla. 4th DCA 1997)(con-cluding that generally a litigant may not contradict or disavow prior sworn testimony).
The order ratifying and adopting the General Master’s recommendations is, therefore, affirmed.

. The only "other court ordered obligations referenced above” are those requiring Harris to pay medical insurance, medical bills, uncovered dental/orthodonture/medical/hospital expenses, and automobile expenses.