CLARK, J.
 

 Edward M. Holub appeals the final judgment entered February 4, 2010, in this dissolution of marriage action. The final judgment is affirmed.
 

 The only issue which merits discussion is the trial court’s jurisdiction to rule on parenting and child support matters. The undisputed facts of the case establish that these parties were married in Austria in June 2002 and the minor child of the marriage was born there in 2002. The family moved to Louisiana in 2004. The parties traveled frequently during the times pertinent to this case, both internationally and domestically. The appellant is a self-employed videographer and graduate student who travels as necessary for his business and education.
 

 Appellee moved to Florida with the child in 2005, and this action was commenced in the circuit court by the appellee on September 18, 2006. Apparently, the parents generally cooperated by rotating the child’s location between them during 2005 and 2006. Appellant has resided periodically in Louisiana and California, and now maintains a residence in Florida as well. The marriage was dissolved by judgment entered January 2, 2008. The order on appeal is a subsequent final judgment which addresses the financial and parenting issues of the action.
 

 Appellant contends that the final judgment on appeal is void because the trial court lacked jurisdiction to rule on parenting and child support under the Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”).
 
 [1]
 
 Although he
 
 *587
 
 never questioned the trial court’s jurisdiction prior to this appeal, subject matter jurisdiction may be challenged for the first time on appeal.
 
 See
 
 Fla. R. Civ. P. 1.140(h)(2) (“The defense of lack of subject matter jurisdiction may be raised at any time.”);
 
 In re D.N.H.W.,
 
 955 So.2d 1236 (Fla. 2d DCA 2007);
 
 Strommen v. Strommen,
 
 927 So.2d 176 (Fla. 2d DCA 2006) (trial court’s lack of subject matter jurisdiction renders its judgments void).
 

 The standard of review for a trial court’s interpretation of the UCCJEA is
 
 de novo. Arjona v. Torres,
 
 941 So.2d 451 (Fla. 3d DCA 2006);
 
 Kephart v. Hadi,
 
 932 So.2d 1086 (Fla.2006) (statutory interpretation is reviewed
 
 de
 
 novo). However, at issue in this appeal is the trial court’s
 
 application
 
 of section 61.514 to the facts presented in the pleadings and supporting documents on the record, not an interpretation of any ambiguous language in the statute. The determinative facts for purposes of the trial court’s jurisdiction under the UCCJEA are: 1) where the child “lived with a parent” for the six months preceding the filing of the petition, or 2) whether the child lived in any state other than the state in which the petition was filed for six consecutive months prior to the filing of the petition.
 

 The record reflects no dispute of fact that the child lived with the mother in Florida for the six months prior to the commencement of the action. In paragraph 5 of her petition filed September 18, 2006, Appellee listed a Florida address as the child’s “current residence” and alleged that the minor child had resided with her in Destín, Florida, from September 2005 to “present.” Filed with the petition was Appellant’s written waiver of his ability to respond to the allegations in the petition, and Appellant filed no response to the allegations of fact in the petition. “A party is bound by his or her admissions under oath, ... [and] also bound by factual concession made by that party’s attorney before a judge in a legal proceeding.”
 
 Dicus v. Dist. Bd. of Trustees for Valencia,
 
 734 So.2d 563, 564 (Fla. 5th DCA 1999). Likewise, the parties are bound by their pleadings-admissions in pleadings need not be proven further.
 
 City of Deland v. Miller,
 
 608 So.2d 121 (Fla. 5th DCA 1992);
 
 Carvell v. Kinsey,
 
 87 So.2d 577 (Fla.1956). Pursuant to rule 1.110(e), Florida Rules of Civil Procedure, “[a]verments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading.”
 
 See also
 
 Fla. Fam. L.R.P. 12.110. An “averment” is a “positive declaration or affirmation of fact.”
 
 Black’s Law Dictionary,
 
 146 (8th ed. 2004).
 

 The former wife’s allegation in her petition that the child had lived with her in Florida from September 2005 to the filing date of the petition was an averment in a pleading. Accordingly, Appellant’s written waiver and decision not to file a responsive pleading constituted his admission of the facts, including where the child “lived” at that early stage of the proceedings in the trial court. He is now estopped from disputing that fact and taking an inconsistent position at this stage of the litigation.
 
 See Dimino v. Farina,
 
 572 So.2d 552, 556 (Fla. 4th DCA 1990),
 
 disapproved in part on other grounds, Babcock v. Whatmore,
 
 707 So.2d 702 (Fla.1998);
 
 Denmark v. Michael,
 
 737 So.2d 595 (Fla. 1st DCA 1999) (party estopped from taking subsequent inconsistent position in litigation).
 

 
 *588
 
 Appellant did assert facts in his UCCJEA affidavit, filed in August of 2007 — a year after the filing of the initial petition which included the mother’s UC-CJEA allegations — but the facts asserted in the father’s UCCJEA affidavit did not contradict the mother’s allegations that the child “lived with” the mother in Florida nor did the father’s affidavit assert that the child had lived with him in another state for six consecutive months prior to the initial filing. This record supports the trial court’s exercise of jurisdiction pursuant to sections 61.514(l)(a), 61.514(l)(b), and 61.503(7), Florida Statutes.
 
 Hindle v. Fuith,
 
 33 So.3d 782 (Fla. 5th DCA 2010) (child resided in several states during six months prior to commencement of the action, no court of any other state would have had jurisdiction as home state; Florida trial court had jurisdiction to make initial custody determination).
 

 The trial court had jurisdiction over the matters ruled upon and none of the other issues raised by the appellant require reversal. Accordingly, the final order on appeal is AFFIRMED.
 

 BENTON, C.J, and PADOVANO, J., concur.
 

 [1]
 

 . The UCCJEA defines a Florida court's jurisdiction over child custody determinations thusly:
 

 61.514 Initial child custody jurisdiction.—
 

 (1) Except as otherwise provided in s. 61.517, a court of this state has jurisdiction to make an initial child custody determination only if:
 

 (a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent ... continues to live in this state;
 

 (b) A court of another state does not have jurisdiction under paragraph (a) ...
 

 § 61.514(1), Fla. Stat.
 

 “Home state" is defined in section 61.503(7), Florida Statutes, as: "the state in which a child lived with a parent ... for at least 6
 
 *587
 
 consecutive months immediately before the commencement of a child custody proceeding .... A period of temporary absence of any of the mentioned persons is part of the period.”