IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

OCALA HEART CLINIC II, LLC,

      Appellant/Cross-Appellee,

                           Case No. 5D22-1272

v.                          LT Case No. 2018-CA-001895

RAKESH PRASHAD, CHANDRANATH  DAS,
J. ROBERT McGHEE, and BELINDA M.
KITOS,

      Appellees/Cross-Appellants.
_____/

Decision filed August 11, 2023.

Appeal from Circuit Court
for Marion County,
Gary L. Sanders, Judge.

Michael R. Riemenschneider and Jeffrey L.
DeRosier, of Riemenschneider, Wattwood
& DeRosier, P.A., Melbourne, for Appellant/
Cross-Appellee.

David S. Romanik, of David S. Romanik, P.A.,
Ocala, and Andrew T. Lavin, of Lavin Law
Group, P.A., Miami, for Appellees/Cross-
Appellants.

PER CURIAM.

    AFFIRMED.


JAY and BOATWRIGHT, JJ., concur;
MAKAR, J., concurs with opinion.

MAKAR, J., concurring.

Florida's state courts exist to resolve legitimate legal disputes; they are not fora for personal grievances or grudge matches between litigants who feel besmirched or dishonored, but can show no tangible harm. This case, one involving a medical practice suing its former partners and a CPA over a single poorly worded and ill-advised non-public email that resulted in no demonstrable harm, is the type of dispute that burdens and depletes the scarce resources of the judicial system unnecessarily. Beyond the attorneys' fees and costs expended by the doctors since 2018 when this case was filed, the judicial system at two levels, trial and now appellate, has borne the brunt of a needless lawsuit; four judges and staff have devoted substantial time better spent on adjudicating other disputes on congested court dockets. Justice becomes more costly to achieve when the demands placed on the judicial system include meritless disputes of this kind. Parties and courts on their own motion can pursue sanctions where a claim or defense was not sufficiently supported by material facts or then existing law and such deficiency was apparent. *See* § 57.105(1)(a), Fla. Stat. (2023); *Dicus v. Dist. Bd. of Trs. for Valencia*, 734 So. 2d 563, 564–65 (Fla. 5th DCA 1999). The former partners have not filed such a motion; nor has this panel. This case

2

nonetheless treads perilously close to the statutory standard, which could potentially shift all or a portion of the payment of attorneys' fees to the lawyers, rather than their clients, for having pursued meritless matters, thereby serving as an Icarian warning not to fly close to section 57.105(1)(a) again.