# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2024-2303
LT Case No. 2022-39811-COCI

———————————————————

CHARLES D. OGDEN d/b/a East
Coast Countertops and All Wood
Cabinets,

    Appellant,

    v.

SHARON DIFELICE,

    Appellee.

———————————————————

Nonfinal appeal from the County Court for Volusia County.
Robert A. Sanders, Jr., Judge.

Jason L. Harr, of The Harr Law Firm, Daytona Beach, for
Appellant.

Barry E. Hughes, South Daytona, for Appellee.

April 25, 2025

JAY, J.

    Charles Ogden appeals the denial of his motion to set aside a
judgment under Florida Rule of Civil Procedure 1.540(b). We
affirm.

## I.

Alfred and Sharon DiFelice ("Plaintiffs") sued Ogden as an individual doing business as "East Coast Countertops & Remodeling." They alleged that they hired Ogden to remodel their kitchen, but that his work was defective. They attached a contract to their complaint. Its heading was "East Coast Countertops All Wood Cabinets."

Ogden moved to dismiss. He argued that Plaintiffs "attached a contract with East Coast Countertops All Wood Cabinets, yet improperly named East Coast Countertops & Remodeling as the Defendant." He claimed that Plaintiffs needed to "amend the complaint to name the actual business that contracted with [them] as an indispensable party." The court granted the motion and gave Plaintiffs twenty days to file an amended complaint.

The amended complaint identified the defendant as "Charles D. Ogden, an individual d/b/a East Coast Countertops & All Wood Cabinets." Paragraph four alleged that "Plaintiffs and Defendant entered into a contract to which Defendant was to remodel the kitchen maintained at the Plaintiff's residence," and that a copy of the contract was attached to the complaint as Exhibit A. Paragraph five alleged that Ogden received a personal check as payment, and that a copy of the check was attached as Exhibit B. Paragraph seven alleged that Ogden "and/or his agents commenced the preparation for and installation of the granite kitchen countertops and molding on or about October 28, 2021." In his answer to the amended complaint, Ogden unequivocally stated—in bold font—that "I **agree** with Plaintiffs as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: paragraphs 4, 5, and 7."

The case went to a bench trial, which was not transcribed. The court found that the parties "entered into a written contract for the installation of a granite countertop and other related work at Plaintiffs' residence." Ogden's work contained "numerous defects," including the countertop material being dolomite instead of granite. His work was "so defective that the countertop and related items must be removed and reinstalled." Citing Ogden's testimony

about the cost of the needed repairs, the court entered a $12,950 judgment against Ogden.

More than four months later, Ogden—represented by new counsel—asked the court to set aside the judgment. He argued that the judgment was void because Plaintiffs "sued the incorrect defendant," failed to establish the court's jurisdiction over him, and did not show "a cause of action to pierce the corporate veil." He alleged that he "did not own or operate the company which is the subject of the agreement." He claimed that "the correct entity" was "Cee Jay Remodeling, LLC, which has a managing member Charles D. Ogden, Jr. who was not named in this case."

After a hearing, the court found that Ogden "was properly served with the summons and complaint," "filed an answer to the amended complaint and personally appeared at the trial," and "did not contend at any time during the trial that he was not a proper party." It found no evidence that Cee Jay Remodeling, LLC, was involved in the case. Accordingly, it denied Ogden's motion. Without objection, the court removed Alfred DiFelice as a party since his name did not appear on the contract or payment check. The court updated the case style and judgment to leave Sharon DiFelice as the sole plaintiff.

## II.

Generally, an appellate court reviews an order denying a rule 1.540(b) motion for an abuse of discretion. *Sanchez v. Sanchez*, 285 So. 3d 969, 972 n.4 (Fla. 3d DCA 2019). Whether the underlying judgment is void is a legal question reviewed de novo. *Id.*

Ogden argues that the court should have granted his motion because the judgment allegedly named the wrong defendant—and relatedly, because the evidence did not show that he was a party to the contract. He also insists that the judgment improperly pierces a corporate veil. These arguments are baseless.

Pleadings are where civil litigants state their legal positions. *State Farm Mut. Auto. Ins. Co. v. Davis*, 336 So. 3d 392, 398 (Fla. 5th DCA 2022) (quoting *Bank of Am., N.A. v. Asbury*, 165 So. 3d 808, 809 (Fla. 2d DCA 2015)). They exist "to present, define, and

3

narrow the issues" in a lawsuit. *Id.* (quoting *White v. Fletcher*, 90 So. 2d 129, 131 (Fla. 1956)). Admissions in pleadings "are accepted as facts without the necessity of supporting evidence." *Carvell v. Kinsey*, 87 So. 2d 577, 579 (Fla. 1956); *see also Holub v. Holub*, 54 So. 3d 585, 587 (Fla. 1st DCA 2011) ("[A]dmissions in pleadings need not be proven further."); *City of Deland v. Miller*, 608 So. 2d 121, 122 (Fla. 5th DCA 1992) ("[T]hese uncontested facts do not have to be introduced into evidence at trial."). Phrased differently, a pleading admission has "'the effect of withdrawing a fact from contention.'" *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1313 (10th Cir. 2022) (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). It "release[s] the opposing party from its burden to prove" that fact. *See Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004).

Applying these principles, Ogden's "clear and unequivocal" answer to the amended complaint forecloses any notion that he is the wrong defendant. *See Carvell*, 87 So. 2d at 579. He "**agree[d]**" and "**admit[ted]**" that the parties formed a contract, that he received payment pursuant to the contract, and that he started work the following day. These binding admissions cannot be reconciled with his allegation—raised months after the trial—that another party was the correct defendant. Ogden's answer made his status as the proper defendant an uncontested fact. *See City of Deland*, 608 So. 2d at 122; *see also Meyer*, 372 F.3d at 264 ("Berkshire's unqualified concession that it was an ERISA fiduciary was in response to the plaintiffs' claims that Berkshire, through its agent, violated numerous common laws by mismanaging their pension plans. The court accepted the defendant's concession, and Berkshire's subsequent attempts to disavow the concession . . . are unavailing."); *Holub*, 54 So. 3d at 587 ("Appellant's written waiver and decision not to file a responsive pleading constituted his admission of the facts, including where the child 'lived' at that early stage of the proceedings in the trial court. He is now estopped from disputing that fact and taking an inconsistent position at this stage of the litigation.").

Indeed, in its order denying Ogden's motion to set aside the judgment, the court confirmed that Ogden "did not contend at any time during the trial that he was not a proper party to this matter."

4

*See Parlier v. Eagle-Picher Indus., Inc.*, 622 So. 2d 479, 481 (Fla. 5th DCA 1993) (reiterating that "issues not timely raised below will not be considered on appeal"). Without a trial transcript, Ogden cannot overcome this finding. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error."); *Moore v. Moore*, 334 So. 3d 382, 383 (Fla. 5th DCA 2022) (explaining that without a transcript, "review is limited to errors of law that are apparent on the face of the record").*

## III.

Ogden admitted that he entered the subject contract and performed the work at issue. Months after losing a trial concerning the quality of that work, he claimed that another entity was the correct defendant. The trial court was right to deny this groundless attempt to set aside the judgment.

AFFIRMED.

EDWARDS, C.J., and PRATT, J., concur.

---

* Ogden's argument about piercing the corporate veil is equally without merit. Ogden is an individual doing business under a fictitious name. "A fictitious name is just that—a fiction involving the name of the real party in interest, and nothing more." *Riverwalk Apartments, L.P. v. RTM Gen. Contractors, Inc.*, 779 So. 2d 537, 539 (Fla. 2d DCA 2000). It "has no independent legal existence." *Worm World, Inc. v. Ironwood Prods., Inc.*, 917 So. 2d 274, 275 (Fla. 1st DCA 2005). Therefore, as the trial court found, "[t]here was no veil to pierce." Cee Jay Remodeling, LLC, is nowhere in the contract and is absent from the record until the allegation that Ogden made in his motion to set aside the judgment. In the trial court's words, the LLC was not "in play at all."

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____